UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RONALD KIELAR ) | No. 10 CR 691<br><br>Judge Robert J. Dow, Jr. |

**PROTECTIVE ORDER RELATING TO THE PROCEEDS**
**FROM THE SALE OF CERTAIN REAL PROPERTY**

This matter coming before the Court on the defendant's motion to allow for the sale of certain real property subject to forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 18, United States Code, Section 982(b)(1), and the Court being fully advised finds as follows:

(a)   On August 18, 2010, an indictment was returned charging defendant RONALD KIELAR with health care fraud violations pursuant to the provisions of 18 U.S.C. § 1347;

(b)   The indictment sought forfeiture to the United States of certain property, pursuant to the provisions of 18 U.S.C. § 982(a)(7), as property, real and personal, constituting and derived, directly and indirectly, from gross proceeds traceable to the commission of the offense. The property subject to forfeiture includes, but is not limited to, certain real property more specifically described as:

> LOT 38, BLOCK A, HERON BAY NORTHWEST, ACCORDING
> TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 167,
> PAGE 17 OF THE PUBLIC A.P.N. 17131-02-03800 WHICH
> CURRENTLY HAS THE ADDRESS OF 12786 NW 75th STREET,
> PARKLAND, FLORIDA 33076 ("the 75th Street property")

(c)   To preserve its interest in the 75th Street property, after the indictment was returned against defendant RONALD KIELAR, the United States recorded a *lis pendens* notice in the

Broward County Tax Collector, Fort Lauderdale, Florida, against the 75th Street property. Sharon Rasmussen is the record owner of the 75th Street property. Further, a mortgage is held on the subject real property by Chase Home Finance;

(d) On or about October 1, 2010, the government learned that the subject real property was under contract to be sold for the purchase price of $790,000;

(e) The United States requests that the Court enter an order allowing the sale of the 75th Street property to proceed and directing that the proceeds from the sale, after the payment of certain costs, detailed in paragraph (i) below, be retained in an escrow account maintained by the United States Marshal Service pending further order of this Court;

(f) Failure to take the proposed action, in all probability, will result in economic damage and may affect the value of the real property, jeopardizing the availability of any equity in the real property, thus making the property or proceeds from the sale unavailable for forfeiture;

(g) Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(h) Specifically, 21 U.S.C. § 853(e)(1), as incorporated by18 U.S.C. § 982(b)(1), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which

2

the order is sought would, in the event of conviction, be subject to forfeiture under this section;

(i) In the event that the 75th Street property is sold, pursuant to the terms of the contract, to preserve the availability of the proceeds of the sale, the United States requests that, after an approved accounting and the payment of certain costs, namely, the above-described mortgage, attorney's fees related to the real estate transaction, the real estate broker's commission and real estate taxes, the remaining proceeds shall be held in escrow by the United States Marshal pending further order of this Court.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That, the defendant's motion for the entry of a protective order directing that the proceeds from the sale of the property commonly known as 12786 NW 75th Street, Parkland, Florida, be held in escrow, pursuant to the pursuant to the provisions of 21 U.S.C. § 853(e)(1), as incorporated by 18 U.S.C. § 982(b)(1), is granted; it is further ordered,

2. That, upon satisfaction of certain costs, namely, the above-described mortgage, attorney's fees related to the real estate transaction, the real estate broker's commission, real estate taxes, and the transfer of the proceeds to the United States Marshal, the *lis pendens* notice shall be released; it is further ordered,

3. That, the proceeds from the sale of the real property commonly known as 12786 NW 75th Street, Parkland, Florida, shall be retained in an escrow account by the United States Marshal pending further order of this Court; it is further ordered,

4. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

_____
ROBERT M. DOW, JR.
United States District Judge

DATED: October 27, 2010